Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 760 | **DATE** | 7/15/2004 |
| **CASE TITLE** | Robert Smith vs. Jerry L. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants Sternes' Motion to Dismiss, and denies Smith's section 2254 Petition as barred by the statute of limitations. Because the Court finds Smith's section 2254 petition procedurally barred, the Court likewise denies Smith's Motion for Appointment of counsel.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 1 6 2004 date docketed | 25 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | 2004 JUL 16 AM 8:26 U.S. DISTRICT COURT CLERK | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT SMITH,

    Plaintiff,

v.

JERRY L. STERNES,

    Defendant.

Case No. 04 C 0760

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Petitioner Robert Smith (hereinafter, "Smith")[1], pro se, filed a 28 U.S.C. § 2254 Petition for relief from his State of Illinois criminal sentence. Respondent Jerry L. Sternes (hereinafter, "Sternes") now moves to dismiss Smith's petition on the grounds that it is untimely. In his "response" to Sternes' motion, Smith did not substantively reply to the legal arguments put forth by Sternes. Instead, Smith merely made his own motion for appointment of counsel.

### I. BACKGROUND

Smith was convicted in the circuit court of Cook County of aggravated discharge of a firearm, and sentenced as a Class X offender to 28 years of prison. On appeal, the Illinois Appellate Court affirmed Smith's conviction. Smith then sought leave to appeal to the Illinois Supreme Court, which denied Smith's request

---

[1] Petitioner listed his name as "Robert Smith" on his initial § 2254 petition, but as "Robin Smith" on other court documents.

on January 29, 2001. Smith's conviction became final 90 days later, on April 29, 2001, when the time expired for Smith to petition for writ of certiorari to the Supreme Court. On August 1, 2001, Smith filed a state post-conviction petition for relief. Proceedings on this petition continued until February 3, 2003, when the Illinois Supreme Court denied his petition for leave to appeal. On January 22, 2004, Smith filed his present § 2254 petition.

## II. **DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), 28 U.S.C. § 2244(d), state prisoners must file their § 2254 federal habeas corpus petitions within one year exhausting all available relief upon direct review. Within the Seventh Circuit, this includes the 90-day window a prisoner has to file for writ of certiorari to the Supreme Court, even if he elects not to file such an appeal. Anderson v. Litscher, 281 F.3d 672-675 (7th Cir. 2002). Therefore, Smith's statute of limitations did not start running until at least April 29, 2001, when Smith's time to file a writ of certiorari expired.

28 U.S.C. § 2244(d)(2) also tolls the limitations period during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, Smith filed a post-conviction petition on August 1, 2002, tolling the statute of

limitations from at least this date until February 3, 2003. Smith filed his federal habeas corpus petition 344 days later.

However, Sternes argues that Smith's post-conviction petition did not begin to toll the limitations period until it was filed on August 1, 2002, citing Tate v. Pierson, 177 F. Supp. 2d 792 (N.D. Ill. 2001) for support. Therefore, Sternes contends that Smith's statute of limitations ran untolled for the 94 days between the Illinois Supreme Court's rejection of his appeal on January 29, 2001 and his filing of a state habeas petition on August 1, 2001. Counting these 94 days against Smith's limitations period, Sternes concludes that Smith had only until October 14, 2003 to file his habeas petition. Consequently, Sternes claims that Smith filed his habeas petition too late to seek relief.

As an initial matter, the Court notes that Tate does not stand for, or even discuss, the proposition Sternes credits to it. The Court would like to caution Sternes against citing a case without apparently first reading it, and not citing cases that do stand for the proposition he is espousing. That being said, this Court's own research could not uncover a single district or circuit court case within the Seventh Circuit that specifically rules on whether or not the statute of limitations is tolled between the conclusion of a petitioner's direct appeal and the filing of his first collateral appeal. However, courts within at least three of our sister circuits have addressed this issue. Each of them concluded, as

Sternes argues, that a collateral post-conviction petition does not begin to toll the statute of limitations under 28 U.S.C. § 2244(d) until it is filed. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval"); Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)("under the plain language of the statute, any time that has passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period"); Bowman v. Kyler, 2003 U.S. Dist. LEXIS 23887 (E.D. Pa. 2003). Additionally, on a related but slightly distinct issue, a court within our own district has opined that "the period of limitations does not toll during the period after the conclusion of direct review and prior to any ultimate collateral review if no petition for collateral review has actually been filed." Delaney v. Hinsley, 2004 U.S. Dist. LEXIS 12162 *3 (N.D. Ill. 2004). The Court's research did not turn up any contrary case law favoring Smith on this question, and Smith has provided none himself. Furthermore, as Flanagan points out, a plain reading of the statutory language states that only "pending" collateral petitions toll the statute of limitations. 28 U.S.C.

§ 2244(d)(2). In no sense was Smith's petition "pending" during the 94 days before it was even filed.

Accordingly, this Court concurs with every other court to have examined the issue in finding that Smith's filing of his post-conviction petition tolled the statute of limitations only after it was filed, and not retroactively from the date his conviction became final.

### III. CONCLUSION

For the reasons stated herein, the Court grants Sternes' Motion to Dismiss, and denies Smith's § 2254 Petition as barred by the statute of limitations.

Because the Court finds Smith's § 2254 petition procedurally barred, the Court likewise denies Smith's Motion for Appointment of counsel.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: July 15, 2004

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
Eastern Division

Robert Smith

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 04 C 760

Jerry L. Sternes

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ☒ Decision by Court. This action came before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the motion to dismiss filed by Jerry L. Sternes is granted. Robert Smith's section 2254 petition is denied.

Michael W. Dobbins, Clerk of Court

Date: 7/15/2004

Wanda Parker, Deputy Clerk